**W.H. McCRORY & CO., INC.,**
**Appellant,**

**v.**

**CONTRACTORS EQUIPMENT AND SUPPLY COMPANY, Appellee.**

**No. 13944.**

Court of Appeals of Texas,
Austin.

March 6, 1985.

Rehearing Denied April 3, 1985.

Arch M. Skelton, Besing, Murphy & Armstrong, Dallas, for appellant.

Gary W. Javore, Gregory B. Grigsby, Johnson & Christopher, San Antonio, for appellee.

Before SHANNON, C.J., and EARL W. SMITH and GAMMAGE, JJ.

### ON MOTION FOR REHEARING

SHANNON, Chief Justice.

Our opinion of December 12, 1984, is withdrawn and the following opinion is handed down in lieu thereof.

Appellant W.H. McCrory & Co., Inc., seeks to set aside a take-nothing judgment rendered by the district court of Travis County upon appellee Contractors Equipment and Supply Company's (CESCO) motion for judgment non obstante veredicto. This Court will affirm the judgment.

McCrory pleaded an oral contract to lease a used forklift from CESCO. McCrory had negotiated the oral contract with CESCO's president, Bob Mott. By the terms of the alleged oral contract, McCrory claimed an option to purchase the forklift for $40,000 and to receive credit for ninety percent of its previous rental payments toward that purchase price. Thereafter, the president of CESCO died.

When McCrory queried the new owners of CESCO concerning the exercise of the alleged option, CESCO finally denied the existence of the option, and claimed instead that the lease agreement between CESCO and McCrory was embodied in a written instrument which had been delivered to McCrory along with the forklift. The written instrument did not confer upon McCrory an option to purchase the forklift.

McCrory thereafter stopped making rental payments.

CESCO later offered to sell the forklift to McCrory for $54,000 and to credit sixty percent of McCrory's previous rental payments towards that price. McCrory rejected this offer and later purported to exercise its alleged option to purchase the forklift under the claimed oral contract by sending a letter and a check to CESCO.

CESCO sued McCrory for past-due rentals of $15,009.14 under the claimed written lease agreement and for attorney's fees. In its answer, McCrory filed a counterclaim pleading the oral contract containing the option to purchase the forklift. McCrory sought, among other things, specific performance of the oral contract by CESCO's delivery of a bill of sale showing McCrory as the owner of the forklift free and clear of any indebtedness. CESCO's defense to the counterclaim was the Statute of Frauds. Tex.Bus. & Com.Code Ann. § 2.201 (1968).

In response to special issues, the jury (1) refused to find that a written contract was made between CESCO and McCrory for rental of the forklift; (2) found that the oral contract between CESCO and McCrory contained an option to purchase the forklift; (3) found that McCrory exercised its option to purchase within the time specified or within a reasonable time, if no time had been specified; and (4) found that no money was due and owing from McCrory to CESCO; and (5) found that the reasonable rental value of the forklift was $1,900 in addition to tax.

The judgment, by its terms, overruled CESCO's motion for judgment non obstante veredicto in part and granted it in part. The district court concluded in the judgment that there was some evidence warranting the jury's refusal to find that a written contract existed between the parties and some evidence warranting the jury's finding that the oral contract between the parties contained an option to purchase the forklift. On the other hand, the district court concluded the option contract violated the Statute of Frauds and

was, therefore, unenforceable. The court concluded further that there was no applicable exception to the Statute of Frauds. The district court determined further that McCrory failed to prove the terms of the option contract and that had McCrory proved up the terms of the oral contract, CESCO would be entitled to an offset for the reasonable rental value of the forklift, as found by the jury. The judgment provided, accordingly, that CESCO take nothing by its suit and, as well, that McCrory take nothing by its counterclaim.

In rendering the judgment, the district court necessarily must have concluded, among other things, that the evidence established as a matter of law that the oral contract was in violation of the Statute of Frauds and that, McCrory as the party seeking to avoid the effect of application of that defense, had the burden to request the submission of special issues the answers to which would establish an exception to the statute.

Only McCrory perfected an appeal from the judgment; however, CESCO complains by cross-points of that part of the judgment denying its recovery.

McCrory contends on appeal that the district court erred in concluding that enforcement of the option to purchase under the oral contract would violate the Statute of Frauds. McCrory argues further that CESCO waived the Statute of Frauds defense by not requesting special issues inquiring whether exceptions to the Statute of Frauds were applicable.

The Statute of Frauds of the Texas Business and Commerce Code provides as follows:

§ 2.201.

(a) Except as otherwise provided in this section a contract for the sale of goods for the price of $500 or more is not enforceable by way of action or defense unless there is some writing sufficient to indicate that a contract for sale has been made between the parties and signed by the party against whom enforcement is sought or by his authorized agent or

broker. A writing is not insufficient because it omits or incorrectly states a term agreed upon but the contract is not enforceable under this paragraph beyond the quantity of goods shown in such writing.

(b) Between merchants if within a reasonable time a writing in confirmation of the contract and sufficient against the sender is received and the party receiving it has reason to know its contents, it satisfies the requirements of Subsection (a) against such party unless written notice of objection to its contents is given within ten days after it is received.

(c) A contract which does not satisfy the requirements of Subsection (a) but which is valid in other respects is enforceable

(1) if the goods are to be specially manufactured for the buyer and are not suitable for sale to others in the ordinary course of the seller's business and the seller, before notice of repudiation is received and under circumstances which reasonably indicate that the goods are for the buyer, has made either a substantial beginning of their manufacture or commitments for their procurement; or

(2) if the party against whom enforcement is sought admits in his pleading, testimony or otherwise in court that a contract for sale was made, but the contract is not enforceable under this provision beyond the quantity of goods admitted; or

(3) with respect to goods for which payment has been made and accepted or which have been received and accepted (Section 2.606).

Under § 2.201 a contract for the sale of goods for the price of $500.00 or more is not enforceable unless there is some writing sufficient to indicate a sale between the parties, signed by the party against whom enforcement is sought.

■ The district court correctly concluded that the parties' transaction came within the terms of § 2.201(a). The whole thrust of McCrory's evidence was that its president and CESCO's president entered into an oral agreement for the lease of a used forklift. The oral agreement contained an option permitting McCrory to purchase the equipment for $40,000 and allowing McCrory a credit of ninety percent of the lease payment against the purchase price. In the face of such proof, McCrory cannot now be heard to claim that there was no proof of an oral contract for the sale of goods for the price of $500.00 or more.[1]

Assuming evidence in support of one or more exceptions to the Statute of Frauds (§ 2.201(a)), it is manifest that neither party requested special issues submitting one or more such exceptions. The pivotal inquiry is whether McCrory or CESCO had the burden of requesting the submission of special issues concerning the applicability of one or more exceptions to the Statute of Frauds (§ 2.201). Each party claims that the other had the burden to request the special issues and, by its failure to do so, waived a determination of the applicability of the exceptions to the Statute of Frauds. Tex.R.Civ.P.Ann. 279 (1977).

■ This Court concludes that McCrory had the burden of requesting the submission of special issues concerning the applicability of one or more exceptions to the Statute of Frauds. All of McCrory's proof was that the parties entered into an oral agreement "for the sale of goods for the price of $500.00 or more" pursuant to § 2.201.

Section 2.201(a) plainly barred McCrory from enforcing that contract unless one of the exceptions to § 2.201(a) was applicable.

"The ascertainment of which of the parties relies upon a particular issue may be made by considering which one is interested in, and will be benefited by, a determina-

---

1. McCrory does *not* contend that the Statute of Frauds is inapplicable on the ground that the oral contract is for the *lease* of goods and provides the lessee an *option* to purchase, as opposed to a simple sale of the goods. We, therefore, do not address this contention, and assume for purposes of this opinion that the Statute of Frauds is applicable.

tion of the issue." Hodges, Special Issue Submission in Texas 179–80 (1959). Only McCrory would benefit by submission of special issues on the applicability of exceptions to the Statute of Frauds. Absent a fact finding that such an exception applied, McCrory could not recover under the terms of the oral contract.

Our conclusion is supported by *Wise v. Anderson*, 163 Tex. 608, 359 S.W.2d 876, 881 (1962), an opinion involving analogous facts. In *Wise* the defendant set up the defense of the statute of limitations. The Supreme Court held that it was the burden of the *plaintiff*, and not the defendant, to request submission of a special issue inquiring whether the defendant was absent from the state for a sufficient time to toll the statute of limitations, and that the plaintiff *waived* the issue by failing to so request.

Because the parties' contract was unenforceable by virtue of the Statute of Frauds and because there was no determination of the applicability of any exception to the statute, the district court did not err in rendering judgment that McCrory take nothing by its counterclaim.

By five cross-points of error, CESCO seeks review of that part of the judgment denying it recovery for past-due rentals under the claimed lease agreement and for attorney's fees. After the jury returned its verdict, CESCO filed its motion for judgment non obstante veredicto. As previously written, the judgment, by its terms, overruled the motion for judgment non obstante veredicto in part and granted it in part. CESCO made no complaint to the trial court as to that part of the judgment overruling in part its motion for judgment non obstante veredicto.

The trial court should be afforded an opportunity to correct any errors that it might have made in the judgment. Accord-

ingly, to complain of the judgment on appeal, an appellee is required to bring those errors to the court's attention in some manner whether by filing exceptions to the judgment, notice of appeal, or motion for new trial. *West Texas Utilities Co. v. Irvin*, 161 Tex. 5, 336 S.W.2d 609 (1960); *Dahl v. Akins*, 645 S.W.2d 506, 515 (Tex. App.1982, no writ); State Bar of Texas Appellate Procedure in Texas § 15.16 (2d ed. 1979).

On motion for rehearing, CESCO suggests that its motion for judgment non obstante veredicto was sufficient to put the district court on notice of its dissatisfaction with the judgment. We do not agree. The rationale underlying the rule is that the trial court ought to be afforded an opportunity to correct any errors that it might have made in the judgment. Because the district court *granted* CESCO's motion for judgment non obstante veredicto in part and *denied* it in part, and because CESCO filed no complaint of the judgment after its rendition, it may well have appeared to the district court that CESCO was entirely satisfied with the court's judgment. A motion filed *before rendition of judgment* does not apprise the trial court of the party's dissatisfaction with the judgment thereafter rendered, most particularly when the motion was granted in part.[2]

As explained, the cross-points are probably not here for review. We, nevertheless, have examined them and their supporting arguments and are of the view that all are without merit. Accordingly, the cross-points are overruled.

The judgment is affirmed.

---

**2.** CESCO's position, as a party dissatisfied with the judgment, is different from the appellees in *Motsenbocker v. Wyatt*, 369 S.W.2d 319 (Tex. 1963) and *Brownstone Park Ltd. v. Southern Union Gas Co.*, 537 S.W.2d 270 (Tex.Civ.App. 1976, writ ref'd n.r.e.). In those cases, the ap-

pellees were satisfied with the judgments rendered and by their cross-points reserved claimed error only in the event of reversal of the trial courts' judgments by the appellate courts. Tex.R.Civ.P. 324(c).