**Mary Jane JESS, et al., Appellants,**

v.

**Tim LIBSON, et al., Appellees.**

**No. 3–86–085–CV.**

Court of Appeals of Texas, Austin.

Dec. 9, 1987.

Rehearing Denied Jan. 6, 1988.

Ted Smith, Jr., Killeen, for appellants.

Jerry D. Caddel, McMahon, Tidwell, Hansen & Atkins, P.C., Odessa, for appellees.

Don Busby, Busby & Wilson, Temple, for Virginia Cloud and Cloud Real Estate.

Before SHANNON, C.J., and GAMMAGE and CARROLL, JJ.

GAMMAGE, Justice.

Tim Libson, John W. Passons III, and Marie C. Passons (collectively referred to as "Libson group") sued Virginia Cloud and Cloud Real Estate ("Cloud") and Mary Jane Jess and Better Homes and Investment Properties, Inc. ("Jess") in the 169th District Court of Bell County. The Libson group's suit was for damages allegedly sustained when they lost their Veteran's Administration ("V.A.") benefits after a land transaction handled by Cloud and Jess. After a jury trial, judgment was entered for the Libson group against Jess for $13,707.33 total damages; for Jess against the Libson group for $1 attorney's fees; and for Cloud against the Libson group for $9,375 attorney's fees. Jess and Better Homes appeal. We reverse that portion of the judgment awarding the Libson group $13,707.33 and render judgment that they take nothing by their claim against Mary Jane Jess; we reverse that portion of the judgment awarding Jess $1 in attorney's fees and remand that portion of the cause for a new trial; we affirm the remainder of the judgment.

On June 4, 1981, the Libson group entered into a listing agreement with Cloud to sell the group's duplex. Under the terms of this listing agreement, the Libson group required the buyer to qualify for substitution of entitlement through the V.A. The purpose of this provision was to release the Libson group from liability for the V.A. loan originally used to purchase the duplex and to restore to the Libson group their respective V.A. benefits.

Shortly after the property was listed, Jess presented Cloud with an earnest money contract on behalf of a prospective buyer. This contract did not require substitution of entitlement. Cloud presented the contract to the Libson group and, after some discussion, inserted the clause: "buyers are to *apply* for substitution of eligibility and release of liability." (emphasis provided). The buyer accepted the contract as modified. Cloud obtained the necessary forms to secure substitution through the V.A. and forwarded them to Jess. The buyers began the application process for substitution of entitlement, and the sale was set to close.

Present at the closing on August 14, 1981, were the Libson group, Cloud and the escrow agent, Sharon Whittaker. During the closing Tim Libson became upset when he learned the substitution of entitlement was still in the application stage and not yet accomplished. A telephone call was placed to Jess who stated the paperwork for the substitution was in process.

Evidence conflicts regarding what happened next. Cloud and Whittaker testified they told the Libson group the substitution could not be guaranteed and that if the Libson group was dissatisfied they should not close. The Libson group, on the other hand, testified that Cloud guaranteed the buyers would qualify and these representations induced them to go ahead and close the transaction. The buyers never qualified for substitution, however, and the Libson group's V.A. entitlements were not restored. This lawsuit ensued.

■ In her first point of error, Jess complains the trial court erred in failing to grant her motion for judgment notwithstanding the verdict because there was no evidence to support the jury's finding that Jess represented to the Libson group that the listing agreement conferred or involved rights, remedies or obligations which it did not have. We agree.

"In considering a 'no evidence' point, the reviewing court must reject all evidence contrary to the jury's findings and consider only the facts and circumstances which tend to support those findings." *Montgomery Ward and Co. v. Marvin Riggs Co.*, 584 S.W.2d 863, 865 (Tex.Civ.App.1979, writ ref'd n.r.e.) (citing *Renfro Drug Co. v. Lewis*, 149 Tex. 507, 235 S.W.2d 609 (1950)). In reviewing the record we find no evidence that Jess represented to the Libson

group that the listing agreement conferred or involved rights which it did not.

We point out initially that Jess was not a party to the listing agreement. Furthermore, the sale was consummated under the earnest money contract and not the listing agreement. Jess was not present at the closing, nor had she ever met the Libson group except for a brief encounter with Marie Passons when Jess showed the duplex to the buyers. Finally, the record discloses Jess' only representations during this entire transaction were made *to Cloud* over the telephone during the closing. Jess reportedly told Cloud the V.A. paperwork was in process, but made no representations about the listing agreement. Because we sustain Jess' first point of error, we find it unnecessary to address points two through seven and ten through thirteen.

■ In her ninth point of error, Jess complains the trial court erred in failing to grant her motion for a new trial because the jury's award of $1 reasonable attorney's fees was against the great weight and preponderance of the evidence. We agree.

"In reviewing factual sufficiency points of error, the court considers all of the evidence to determine whether the findings are so against the great weight and preponderance of the evidence as to be manifestly unjust." *Marvin Riggs Co.*, 584 S.W.2d at 865 (citing *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951)). The only testimony about Jess' fees was given by her attorney, who testified that he was board certified in the area of real estate law and that the reasonable and necessary fees he had earned through trial were $6,882.33. The attorney also testified that if the case were appealed to this Court and the Texas Supreme Court, additional attorney's fees of $2500 and $1500, respectively, would be incurred. On cross-examination the Libson group's counsel asked the attorney only the amount of his hourly rate.

■ The Libson group contends Jess was not entitled to an issue on attorney's fees. We do not reach this contention because the record discloses no specific objec-

tion to submission of the issue of attorney's fees. Tex.R.App.P.Ann. 52(a) (Pamp. Supp.1987). The record indicates only an attempt by the Libson group's counsel to object to the trial amendment whereby Jess pleaded for attorney's fees. There is no objection specifically apprising the trial court of why Jess was not entitled to an issue on fees. Because we find the jury's award of $1 as reasonable attorney's fees to be so against the great weight and preponderance of the evidence as to be manifestly unjust, we sever that portion of the judgment and remand that cause for a new trial. Tex.R.App.P.Ann. 80(b) (Pamp.Supp. 1987); *Cicero Smith Lumber Co. v. Gaston*, 447 S.W.2d 736, 738 (Tex.Civ.App. 1969, writ ref'd n.r.e.). Because we sustain Jess' ninth point of error we need not address her eighth point.

The Libson group complains by crosspoint that the trial court erred in submitting an issue on attorney's fees for Cloud. We conclude the Libson group has not preserved this complaint for review and we affirm that part of the judgment awarding attorney's fees to Cloud.

■ Following the close of the evidence, Cloud amended her pleadings to include a claim for attorney's fees under Tex.Rev. Civ.Stat. art. 2226 (1971) (now Tex.Civ. Prac. & Rem.Code Ann. § 38.001 (1986)). We are unable to find a specific objection by the Libson group which sufficiently apprises the trial court of any reason Cloud was not entitled to her issue on fees. We conclude the issue of attorney's fees was tried by consent and the trial court was within its discretion to allow the trial amendment. Tex.R.Civ.P.Ann. 67 (1979). Because the Libson group failed to properly object at trial, we do not reach their cross-point. Tex.R.App.P.Ann. 52(a) (Pamp.Supp.1987).

■ The Libson group, furthermore, waived their cross-point by failing to complain to the trial court after judgment was rendered. *W.H. McCrory & Co., Inc. v. Contractors Equipment and Supply Co.*, 691 S.W.2d 717, 721 (Tex.App.1985, writ ref'd n.r.e.). To preserve a complaint for

appeal, a "victorious" party below "is required to bring ... errors to the court's attention in some manner whether by filing exceptions to the judgment, notice of appeal, or motion for new trial." *Id.* In this case, the Libson group's only post-judgment complaint was an Application for Correction of Judgment, which fails to mention any complaint about Cloud's attorney's fees.

We reverse that portion of the judgment awarding the Libson group $13,707.33 and render judgment that the Libson group take nothing by their claim against Mary Jane Jess; we reverse that portion of the judgment awarding Jess $1 in attorney's fees and remand that portion of the cause for a new trial; we affirm the remainder of the judgment.