**S.I. CHOI, Individually, and Choi's Fitness, Inc., d/b/a Choi's Tae Kwon Do Karate Studio & Judo Academy, Appellants,**

v.

**Clifford McKENZIE, Appellee.**

**Nos. 13–97–019–CV, 13–97–113–CV.**

Court of Appeals of Texas,
Corpus Christi.

Aug. 20, 1998.

Michael De Shetler, De Shetler & Associates, P.C., Russell H. McMains, Law Offices of Russell H. McMains, Corpus Christi, for Appellant.

Bradford M. Condit, Corpus Christi, for Appellee.

Before DORSEY, HINOJOSA and RODRIGUEZ, JJ.

## OPINION

HINOJOSA, Justice.

Appellee, Clifford McKenzie, sued appellants, S.I. Choi, individually, and Choi's Fitness, Inc., d/b/a/ Choi's Tae Kwon Do Karate Studio & Judo Academy,[1] for breach of contract and fraudulent inducement to contract. A jury found appellants had breached an oral agreement and defrauded McKenzie. The jury found McKenzie had suffered damages, and the trial court signed a judgment reflecting the jury's findings. Appellants contend the trial court erred in signing the judgment because McKenzie's claims are barred by the statute of frauds. Appellants also complain the trial court admitted needlessly prejudicial evidence over objections and submitted the

---

1. This case was tried in the trial court under Cause No. 95–0751–3. The appeal was assigned Cause No. 13–97–019–CV. When S.I. Choi, individually, filed for bankruptcy, we abated his appeal and severed it from the original case into Cause No. 13–97–113–CV, styled *S.I. Choi, Individually v. Clifford McKenzie.* Subsequently, the corporation filed for bankruptcy, and we also abated Cause No. 13–97–019–CV, styled *Choi's Fitness, Inc. d/b/a Choi's Tae Kwon Do Karate Studio & Judo Academy v. Clifford McKenzie.* After the bankruptcy stay was lifted, we granted Choi's request that we consolidate both cause numbers for purposes of appeal.

issue of exemplary damages to the jury when such damages were not pleaded. We reverse and render.

In February 1991, Choi, a "Tae Kwon Do" master, was judging a belt advancement testing at one of McKenzie's schools in Wisconsin. The two men, long acquaintances, discussed McKenzie's work situation. Choi learned that McKenzie earned a total of $1,500 per month from his two "Tae Kwon Do" schools and additional jobs. Choi told McKenzie that he could have a better life in Corpus Christi, Texas, working at one of Choi's "Tae Kwon Do" academies. McKenzie declined because he did not want to work for somebody else and because his present situation provided his family with full medical insurance coverage. The discussions did not cease, however, and McKenzie eventually moved his family to Corpus Christi.

McKenzie testified he moved because he had an agreement with Choi. According to McKenzie, Choi would pay him twenty percent of the school's gross revenue for one year of teaching. At the end of that one year, Choi would retire to Nevada and sell McKenzie the business for $50,000. McKenzie would pay Choi $5,000 per month until the selling price was met and rent of $1,200 per month for an indefinite duration. After the first year, McKenzie would pay Choi 50% of the testing fees for all tests judged by Choi. McKenzie said Choi also agreed to pay his moving · expenses from Wisconsin. McKenzie admitted the agreement was not reduced to writing, but said that because of his longstanding relationship with Choi, he trusted Choi would follow through with the deal. However, after McKenzie arrived in Corpus Christi, Choi repeatedly promised but failed to produce a written contract.

Choi denied there was ever a discussion of or agreement to sell McKenzie his business. Choi admitted he offered McKenzie employment in Corpus Christi, but at the $1,500 per month he was earning in Wisconsin from his two jobs. He also admitted offering McKenzie twenty percent of the gross revenues received each month, but claimed the offer was subsequent to McKenzie's move. McKenzie admitted moving without a clear understanding of what he was to be paid.

In September 1991, after McKenzie was fired and then promptly rehired, Choi offered McKenzie a franchise agreement. However, the agreement was never signed. At trial, McKenzie said he did not sign the agreement because the terms were not those he agreed to before moving from Wisconsin. By the end of September, McKenzie no longer taught for Choi.

In May 1995, McKenzie filed this suit alleging breach of contract and fraudulent inducement to contract. McKenzie's original petition sought to recover: (1) twenty percent of the school's gross revenues, less monies paid from May to September 1991, (2) taxes withheld from McKenzie's pay for that period, (3) specific performance of the contract for the sale of Choi's business, (4) value of all benefit conferred by McKenzie on Choi and the academy, (5) post judgment interest at the statutory rate, (6) an accounting of all 1991 revenues, (7) moving expenses, (8) damages for mental anguish,. (9) court costs, (10) attorney's fees, and (11) any other relief to which McKenzie might be entitled. An amended petition eliminated damages for mental anguish and asked for lost profits instead. Appellants generally denied the claims and asserted the statutes of frauds and limitations as affirmative defenses. After trial, but before the judgment was signed, McKenzie again amended his pleadings to include the claim of confidential relationship as an exception to the statute of frauds, and for prejudgment interest and exemplary damages. The trial court signed a judgment awarding McKenzie $175,000 in lost profits, $8,000 for mental anguish, $25,000 in exemplary damages, $70,000 for attorney's fees, pre-judgment interest and post-judgment interest. Appellants appeal from that judgment.

The first issue appellants present for review is whether McKenzie's claims for breach of oral contract and fraudulent inducement are barred by the statute of frauds. At trial, appellants argued, and the trial court agreed, that section 26.01 of the Texas Business and Commerce Code barred McKenzie's contract claims. After hearing McKenzie's evidence and listening to the argument of counsel regarding confidential relationship, the *trial*

*court* found an exception to the statute of frauds and allowed the case to go to the jury. Appellants contend the existence of a confidential relationship is a question for the fact finder and that because no question was submitted to the jury on the issue, McKenzie waived the exception. Appellants further urge that if the contract claims are barred by the statute of frauds, then McKenzie's tort claim, which sounds in contract, is also barred.

■ McKenzie argues that the trial court properly found an exception and asserts three are applicable: confidential relationship, partial performance, and promissory estoppel. No elements of partial performance [2] or promissory estoppel [3] were pleaded or established by the evidence. Therefore, the only exception we may consider is confidential relationship. *See* TEX.R. CIV. P. 301 (judgments must conform to the pleadings and the evidence).

McKenzie admits that a confidential relationship is a question of fact and that no issue regarding an exception was submitted to the jury. *See Crim Truck v. Navistar Int'l,* 823 S.W.2d 591, 594 (Tex.1992). However, because appellants did not object to the omission, McKenzie contends the omitted issue should be deemed in his favor.

■ Whether a contract falls within the statute of frauds is a question of law. *Bratcher v. Dozier,* 162 Tex. 319, 346 S.W.2d 795, 796 (1961). The statute of frauds specifies that to be enforceable certain contracts must be in writing and signed by the party to be charged with the promise. TEX. BUS. & COM.CODE ANN. § 26.01(a) (Vernon 1986). An agreement which cannot be performed within one year of the date of making the agreement falls within the provisions of the statute. TEX. BUS. & COM.CODE ANN. § 26.01(b)(6) (Vernon 1986).

■ The agreement at issue is one which could not be performed within one year. McKenzie testified he was to work for Choi for twenty percent of the school's gross revenues for one year. After that one year, McKenzie would begin paying Choi $5,000 per month until the selling price of $50,000 was satisfied. McKenzie's testimony establishes that the terms of the contract could not be satisfied for at least twenty-two months. We hold the trial court correctly held the oral agreement was governed by the statute of frauds. Thus, the agreement is unenforceable unless an exception applies.

■ If a party claims that an exception to the statute of frauds exists, he must secure a finding to that effect. *Barbouti v. Munden,* 866 S.W.2d 288, 295 (Tex.App.—Houston [14th Dist.] 1993), *overruled on other grounds by Formosa Plastics v. Presidio Eng'r,* 960 S.W.2d 41, 47 (Tex.1998); *W.H. McCrory & Co. v. Contractors Equip. & Supply Co.,* 691 S.W.2d 717, 720–21 (Tex.App.—Austin 1985, writ ref'd n.r.e.); *see also Wise v. Anderson,* 163 Tex. 608, 359 S.W.2d 876, 881 (1962) (party seeking to toll statute of limitations must obtain such finding). In the instant case, McKenzie had the burden of requesting the submission of issues concerning the applicability of one or more excep-

---

**2.** Partial performance acts as an exception to the statute of frauds and generally applies to oral contracts for the sale or transfer of real property. *Boyert v. Tauber,* 834 S.W.2d 60, 63 (Tex.1992). Three elements must be proven to establish partial performance as an exception: (1) payment of consideration; (2) possession by the vendee/lessee; and (3) making by the vendee/lessee of improvements to the property or the presence of facts that would make the transaction a fraud if not enforced. *Id.; Fluellen v. Young,* 664 S.W.2d 776, 781 (Tex.App.—Corpus Christi 1983, no writ); *Hammonds v. Calhoun Distrib. Co.,* 584 S.W.2d 473, 475 (Tex.Civ.App.—Texarkana 1979, writ ref'd n.r.e.) (setting forth elements necessary to prove partial performance of oral contract to lease).

**3.** In order for promissory estoppel to defeat the statute of frauds, there must be proof of an additional promise to sign a written agreement which complies with the statute and that this promise was relied on. *Nagle v. Nagle,* 633 S.W.2d 796, 800 (Tex.1982); *Moore Burger, Inc. v. Phillips Petroleum Co.,* 492 S.W.2d 934, 940 (Tex.1972) (on motion for rehearing); *EP Operating Co. v. MJC Energy Co.,* 883 S.W.2d 263, 268 (Tex.App.—Corpus Christi 1994, writ denied); *Coastal Corp. v. Atlantic Richfield Co.,* 852 S.W.2d 714, 718 (Tex.App.—Corpus Christi 1993, no writ); *Kenney v. Porter & Valley Plumbing Supply Co.,* 604 S.W.2d 297, 303–04 (Tex.Civ. App.—Corpus Christi 1980, writ ref'd n.r.e.).

tions to the statute of frauds. *See W.H. McCrory*, 691 S.W.2d at 720.

■ An independent ground of recovery or defense not conclusively established by the evidence is waived if no issue thereon is given or requested. TEX.R. CIV. P. 279. A trial court is not authorized to deem findings or make findings of fact pursuant to rule 279 when the omitted issue is an independent ground of recovery or defense and no issues referable to it were submitted to the jury. *See Martin v. McKee Realtors, Inc.*, 663 S.W.2d 446, 448 (Tex.1984); *Glens Falls Ins. Co. v. Peters*, 386 S.W.2d 529, 531 (Tex.1965); *J & C Drilling Co. v. Salaiz*, 866 S.W.2d 632, 635–36 (Tex.App.—San Antonio 1993, no writ); *Tribble & Stephens Co. v. Consolidated Serv., Inc.*, 744 S.W.2d 945, 951 (Tex. App.—San Antonio 1987, writ denied). Further, appellants have no duty to object to the omission of issues when the entire theory is omitted from the charge. *See Tribble & Stephens Co.*, 744 S.W.2d at 951; *Malone v. Carl Kisabeth Co., Inc.*, 726 S.W.2d 188, 191 (Tex.App.—Fort Worth 1987, writ ref'd n.r.e.); *Indust–Ri–Chem Lab., Inc. v. Par–Pak Co.*, 602 S.W.2d 282, 289 (Tex.Civ.App.— Dallas 1980, no writ).

No issue regarding confidential relationship was requested or submitted to the jury as an exception to the statute of frauds. The burden was upon McKenzie to request the issues and to obtain relevant fact findings. His failure to do so constituted a waiver of those issues under Rule 279 of the Texas Rules of Civil Procedure, unless the evidence conclusively established a confidential relationship as an exception.

■ Confidential relationships may arise not only from technical fiduciary relationships such as attorney-client or partner-partner, which as a matter of law are relationships of trust and confidence, but may also arise informally from moral, social, domestic, or purely personal relationships. *Crim Truck*, 823 S.W.2d at 594; *Thigpen v. Locke*, 363 S.W.2d 247, 253 (Tex.1962); *Dodson v. Kung*, 717 S.W.2d 385, 389 (Tex. App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.). The existence of a fiduciary relationship is to be determined from the actualities of the relationship between the persons in-

volved. *Thigpen*, 363 S.W.2d at 253; *Dodson*, 717 S.W.2d at 389.

■ The record reflects that Choi and McKenzie have known each other since approximately 1970, when McKenzie was nine years old. McKenzie took lessons from Choi for many years. In 1979, Choi left Wisconsin and moved to Corpus Christi. Shortly thereafter, McKenzie agreed to relocate to Corpus Christi and teach classes until Choi opened a new school for McKenzie to operate. Approximately one month after arriving in Corpus Christi, McKenzie realized a new school was not going to open, and he moved back to Wisconsin. In 1983, McKenzie again moved to Texas, hoping to own one of Choi's schools located in Amarillo. This attempt lasted six months before the original owner wanted the business back. Choi and McKenzie did not communicate with each other from 1984 to 1989. Then Choi began to judge testings for McKenzie in Wisconsin. At the time McKenzie agreed to move to Corpus Christi in 1991, he owned two schools in Wisconsin which he had to sell before relocating. According to McKenzie, before he left Wisconsin, he learned that a similar business arrangement involving Choi had failed.

Although there is some evidence that McKenzie trusted Choi and that the two men maintained a close relationship off and on between 1970 and 1991, we hold the evidence set forth above does not conclusively establish a confidential relationship. McKenzie was not an inexperienced businessman who blindly put his reliance in Choi. McKenzie had owned his own schools prior to the alleged agreement with Choi. In addition, McKenzie was involved in or aware of at least three unsuccessful attempts to operate a business in association with Choi. We hold an issue regarding a confidential relationship should have been submitted to the jury.

■ The question now is whether the fraudulent inducement cause of action is also barred. When a party casts his complaint in the form of a cause of action for fraud, but is attempting to recover damages for the breach of a promise, that party is actually attempting to enforce the oral agreement. *Barbouti*, 866 S.W.2d at 293–94; *Webber v.*

*M.W. Kellogg Co.,* 720 S.W.2d 124, 129 (Tex. App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.); *Collins v. McCombs,* 511 S.W.2d 745, 747 (Tex.Civ.App.—San Antonio 1974, writ ref'd n.r.e.). McKenzie is seeking to recover what he would have gained had the promise been performed. Thus, it is evident that the basis of his cause of action is the breach of the unenforceable promise. *See Barbouti,* 866 S.W.2d at 293–94; *Webber,* 720 S.W.2d at 129; *Collins,* 511 S.W.2d at 747. While cast in language sounding in tort, we hold McKenzie's indirect attempt to recover for the breach of the unenforceable promise is barred by the statute of frauds. *See Barbouti,* 866 S.W.2d at 293–94; *Webber,* 720 S.W.2d at 129; *Collins,* 511 S.W.2d at 747.

Having held that the statute of frauds bars McKenzie's causes of action and that no exception was conclusively established or found by the jury to remove the alleged oral agreement from the statute, we sustain appellants' first issue for review. Due to our disposition, it is not necessary to address appellants' remaining issues. TEX.R.APP. P. 47.1.

We reverse the judgment of the trial court and render judgment that Clifford McKenzie take nothing from appellants.