Opinion issued May 22, 2008 
     










In The
Court of Appeals
For The
First District of Texas




NO. 01-06-01111-CV




RAY KINDSFATHER, Appellant

V.

FRANK GREEN, Appellee




On Appeal from the 113th District Court
Harris County, Texas
Trial Court Cause No. 2005-52629



 
MEMORANDUM OPINION
          Appellant, Ray Kindsfather (“Kindsfather”), appeals from a summary judgment
rendered in favor of appellee, Frank Green (“Green”). We determine whether the trial
court erred in rendering summary judgment because either (1) Kindsfather provided
the court with sufficient evidence of fact issues to preclude traditional summary
judgment or (2) Kindsfather produced sufficient evidence to raise a genuine issue of
material fact to preclude a no-evidence summary judgment. We affirm.
Background
          In November of 1987, Green acquired the property that is the subject of this
suit. In May of 1995, Kindsfather moved onto the property with, he alleges, the
understanding that he was purchasing the property by assuming Green’s mortgage
and making a $5,000 payment to Green. In contrast, Green contends that his
agreement with Kindsfather provided for Kindsfather only to rent the property, with
Green maintaining ownership.
          It is undisputed that Kindsfather made all of Green’s mortgage payments
beginning in May of 1995 until the mortgage was paid in full in early 2005. In
addition to paying the mortgage in full, Kindsfather asserts that he made at least
$40,000 worth of improvements to the property. Upon learning that the mortgage had
been fully paid, Green discovered that Kindsfather was listed as the record owner of
the property under a deed that purported to convey the property from Green to
Kindsfather. Using this deed, Kindsfather had applied for and was given a home
equity loan in 2003 in the amount of $96,000. There is a dispute as to whether there
had been any contact between Kindsfather and Green from the time that Kindsfather
moved onto the property until August of 2005, when Green sent Kindsfather a “notice
and demand to vacate” letter. 
          On August 15, 2005, Green filed suit, asserting claims of trespass to try title,
theft, and conversion and seeking declaratory judgment on the validity of the deed. 
On October 12, 2005, Kindsfather responded by general denial and also asserted the
defenses of title by adverse possession, statute of limitations, laches, estoppel,
unclean hands, and the statute of frauds and alleged claims of breach of contract,
quantum meruit, and declaratory judgment.
          Green moved for both traditional and no-evidence summary judgment. See
Tex. R. Civ. P. 166a(c) (traditional); Tex. R. Civ. P. 166a(i) (no-evidence). The trial
court granted the motion and issued certain declarations pursuant to Green’s request
for declaratory relief. Specifically, the court declared that the special warranty deed
purporting to transfer title of the property from Green to Kindsfather was forged and
that, due to the forgery, the deed was invalid and void ab initio. The trial court
declared that the property belonged to Green, that Green was entitled to possession
of the property, and that Kindsfather had no title or interest in the property. The trial
court also awarded damages in Green’s favor. 
Standard of Review
          To prevail on a summary judgment motion, a movant has the burden of proving
that it is entitled to judgment as a matter of law and that there is no genuine issue of
material fact. Tex. R. Civ. P. 166a(c); Cathey v. Booth, 900 S.W.2d 339, 341 (Tex.
1995). A plaintiff moving for summary judgment on its claim must establish its right
to summary judgment by conclusively proving all the elements of its cause of action
as a matter of law. Rhone-Poulenc, Inc. v. Steel, 997 S.W.2d 217, 223 (Tex. 1999);
Anglo-Dutch Petroleum Int’l, Inc. v. Haskell, 193 S.W.3d 87, 95 (Tex.
App.—Houston [1st Dist.] 2006, pet. denied).
          After adequate time for discovery, a party may move for summary judgment
on the ground that there is no evidence of one or more essential elements of a claim.
Tex. R. Civ. P. 166a(i). The trial court must grant the motion unless the nonmovant
produces summary judgment evidence raising a genuine issue of material fact. Id. 
“We review a no-evidence summary judgment by construing the record in the light
most favorable to the nonmovant and disregarding all contrary evidence and
inferences.” Patriacca v. Frost, 98 S.W.3d 303, 306 (Tex. App.—Houston [1st Dist.]
2003, no pet.). A trial court improperly renders a no-evidence summary judgment if
the nonmovant presents more than a scintilla of probative evidence to raise a genuine
issue of material fact. Greathouse v. Alvin Indep. Sch. Dist., 17 S.W.3d 419, 423
(Tex. App.—Houston [1st Dist.] 2000, no pet.). More than a scintilla of evidence
exists when the evidence “would allow reasonable and fair-minded people to differ
in their conclusions.” Forbes Inc. v. Granada Biosciences, Inc., 124 S.W.3d 167, 172
(Tex. 2003). 
          We review summary judgments de novo. Valence Operating Co. v. Dorsett,
164 S.W.3d 656, 661 (Tex. 2005).A.Traditional Summary Judgment
          In his second motion for summary judgment, Green presented evidence to
support his causes of action against Kindsfather, including his trespass to try title
claim and Texas Theft Liability Act claim, and to establish his right to a declaratory
judgment as to the validity of the deed over the property in dispute. Specifically,
Green presented evidence that Kindsfather forged a deed purporting to convey the
property from Green to Kindsfather and that Kindsfather refused to vacate when
Green tried to remove him from the property. Green also presented evidence that
Kindsfather used the forged deed to obtain a loan against the property, which resulted
in a larger lien on the property and a loss of at least $30,000 in equity in the property.
          1.       Ownership of the Property
          In his first point of error, Kindsfather contests the trial court’s granting of
Green’s motion for summary judgment because Kindsfather presented evidence “that
he had acquired ownership of the property through limitations, or adverse possession,
or by contract.” He further argues that, if he did not establish a greater right to
ownership of the property than Green’s right, he is nevertheless entitled to recover
in quantum meruit for the improvements made to the property. We address each of
these issues in turn.
                    a.       Green’s Entitlement to Summary Judgment on Kindsfather’s
Claims of Ownership by Deed
                              (1)     Transfer by Deed
          In his first point of error, Kindsfather argues that he “created a fact issue by
showing that Green had agreed to sell [Kindsfather] the property” by transferring the
property to him by deed. 
          Green put forth summary judgment evidence of his original deed to the
property, which he filed in Harris County in November 1987, as well as Kindsfather’s
2004 deed. In addition to this evidence, Green presented an affidavit signed by the
notary public who authenticated Kindsfather’s 2004 deed. In this affidavit, the notary
public stated that Kindsfather was the only person who appeared before him on the
day that he notarized the 2004 deed, Kindsfather’s name was the only name legible
on the acknowledgment, and “Frank C. Green and” must have been added after he
had placed his signature and seal on the deed. 
          Kindsfather does not admit or deny that he altered the deed or that Green signed
the deed.


 Kindsfather thus fails to raise a fact question as to whether he has a
superseding deed. Therefore, no fact issue is raised as to ownership of the property
by Green under the 1987 deed and Green’s evidence that the 2004 deed was forged. 
                              (2)     Transfer by Written Agreement
          Kindsfather contends that his alleged agreement to purchase the property,
despite the absence of a valid deed transfer, is a writing sufficient to overcome the
statute of frauds and, alternatively, that he meets an exception to the statute of frauds
because he made partial performance on the agreement, occupied the property, and
made improvements to the property. Therefore, he argues, his assertion of a claim to
the property is not barred by lack of a valid contract conveying the property to him,
nor is it time-barred by the lapse of time between the creation of the contract in 1995
and his assertion of title to the property in 2004. 
          The statute of frauds provides that an agreement for the sale of real estate must
be in writing. Tex. Bus. & Com. Code Ann. § 26.01(b)(4) (Vernon Supp. 2007). The
writing must contain all of the essential elements of the agreement, “so that the
contract can be ascertained from the writings without resorting to oral testimony.” 
Cohen v. McCutchin, 565 S.W.2d 230, 232 (Tex. 1978). Kindsfather presented no
writing that could overcome the statute of frauds.


 
          Furthermore, Kindsfather does not establish an exception to the statute of
frauds. He cites Choi v. McKenzie as supporting his assertion that an exception
applies. There are three elements for partial performance to act as an exception to the
statute of frauds: (1) payment of consideration, (2) possession, and (3) improvements
to the property that would make the transaction a fraud if not enforced. Choi v.
McKenzie, 975 S.W.2d 740, 743 n.2 (Tex. App.—Corpus Christi 1998, pet. denied). 
Although Kindsfather contends that he made an agreement to purchase the property
from Green for his assumption of the mortgage and $5,000, he admits that the $5,000
was never paid, and he does not present evidence of improvements that would make
the transaction a fraud if not enforced.


 
          There is no evidence of an agreement for the sale of the property to Kindsfather
that satisfies the statute of frauds and no evidence that an exception to the statute of
frauds would obviate the need for a contract of sale. Thus, Kindsfather failed to raise
a fact issue as to whether Green agreed to sell him the property. 
                              (3)     Transfer by Adverse Possession
           Kindsfather argues that he filed two affidavits, his own and that of Debbie
Daniels, which were some evidence that Kindsfather agreed to sell him the property
in return for $5,000 and Kindsfather’s assumption of the mortgage, that Green signed
the assumption papers, that Kindsfather occupied the property “openly and with the
intent to appropriate” it, and that Kindsfather made more than $40,000 in
improvements on the property. Kindsfather contends on appeal that this evidence
raises a fact issue on his defense of adverse possession. 
          Under Texas law, adverse possession requires “an actual and visible
appropriation of real property, commenced and continued under a claim of right that
is inconsistent with and is hostile to the claim of another person.” Tex. Civ. Prac. &
Rem. Code Ann. § 16.021(1) (Vernon 2002); Rhodes v. Cahill, 802 S.W.2d 643, 645
(Tex. 1990). A person seeking to establish title to land by virtue of the statute of
limitations relating to adverse possession has the burden of proving every fact
essential to that claim by a preponderance of the evidence. Rhodes, 802 S.W.2d at
645. 
          The true meaning of “hostile” in the context of adverse possession refers to
whether the claim is inconsistent with the rights of the true owner. Taub v. Houston
Pipeline Co., 75 S.W.3d 606, 626 (Tex. App.—Texarkana 2002, pet. denied) (noting
that claim is hostile when acts performed by claimant and use made of land are of
nature and character that would reasonably notify true owner of adverse claim). There
is no legal requirement that personal animosity be present. However, the statute
requires visible appropriation; “mistaken beliefs about ownership do not transfer title
until someone acts on them.” Tran v. Macha, 213 S.W.3d 913, 914 (Tex. 2006) (citing
Bywaters v. Gannon, 686 S.W.2d 593, 595 (Tex.1985)). In other words, there must
be adverse possession, not just adverse beliefs. See id.
          Although the relationship between Kindsfather and Green is disputed
(landlord/tenant or seller/owner), the evidence shows conclusively that Kindsfather
was occupying the property with Green’s permission. Kindsfather presented evidence
that he believed he was purchasing the property rather than leasing it. However, it is
uncontested that Kindsfather took no action inconsistent with his agreement with
Green that could be construed as “visible appropriation” (because the use was
consistent with Green’s permission) from the time he took possession of the property
in 1995 until at least 2003, when the special warranty deed was notarized and
Kindsfather took out a loan against the property. Thus, Kindsfather presented no
evidence to raise a genuine issue of material fact on his defense of adverse possession. 
We overrule point of error one. 
B.      No-Evidence Summary Judgment
          Kindsfather’s second point of error states, in its entirety:
To overcome a No-Evidence Motion for Summary Judgment, it is
incumbent on the nonmovant to produce more than a scintilla of evidence
to raise an issue of fact on the challenged allegations. Forbes, Inc. v.
Granada Biosciences, Inc., 124 S.W.3d 167 (Tex. 2003); Boales v.
Brighton Builders, 29 S.W.3d 159 (Tex. App.—Houston [14th Dist.]
2000, pet. denied). The discussion of the facts as recited in Point One
shows that Kindsfather has met this burden.
Because Kindsfather relies upon the same arguments that we overruled in our
discussion of his point of error one, we overrule point of error two.
C.      Off-Set for Improvements
          In his third point of error, Kindsfather argues that he provided evidence of
substantial improvements and repairs that he made to the property in dispute and
“provided a fact issue as to his claims of unjust enrichment, quantum meruit, estoppel,
and damages resulting from Green’s breach of contract.” He contends that this
evidence should be used “as a recovery or set-off against Green.” We decline to
consider this challenge because it contains no legal argument or references to legal
authority and is, therefore, inadequately briefed. See Tex. R. App. P. 38.1(h); Stephens
v. Dolcefino, 126 S.W.3d 120, 130 (Tex. App.—Houston [1st Dist.] 2003), pet. denied,
181 S.W.3d 741 (Tex. 2005). We overrule point of error three.
Conclusion
          We affirm the judgment of the trial court.
 
                                                                        Tim Taft
Justice
 
Panel consists of Justices Taft, Keyes, and Alcala.