**Opinion filed May 30, 2013**



In The

# Eleventh Court of Appeals

_____

## No. 11-11-00120-CV

_____

## MARGARITA ZAVALA, Appellant
## V.
## LINDA OLIVAS, Appellee

**On Appeal from the 358th District Court**

**Ector County, Texas**

**Trial Court Cause No. D-124,549**

## M E M O R A N D U M   O P I N I O N

Margarita Zavala sued her sister, Linda Olivas, in an attempt to obtain a deed to real property that Zavala claimed she purchased from Olivas. After a jury trial, and in accordance with the jury verdict, the trial court entered a take-nothing judgment on a fraud cause of action that Zavala alleged. In its judgment, the trial court denied all other requested relief. We affirm.

The evidence in this case shows that Olivas owned a house at 1505 N. Hancock in Odessa. Olivas agreed to sell the house to Zavala for $15,000. According to Zavala, the purchase price was to be paid as follows: $1,200 down

and $200 per month until the full purchase price of $15,000 was paid. The sisters made the agreement in 2001; Zavala made the down payment on March 9, 2001. Zavala testified that, although Olivas said that she would give her a deed to the property, she never did.

Olivas agreed that she and Zavala entered into a verbal agreement for the purchase and sale of the house. The terms were different from those testified to by Zavala only to the extent that Olivas said that the purchase price bore interest for nine years at an unknown rate until the total sum of $21,000 was paid. She also testified that Zavala was to pay the taxes on the property and was also to keep the property insured. Olivas agrees that she never furnished a deed to Zavala.

The deal changed, according to Olivas's testimony, from one of sale and purchase to one of rental somewhere around 2003. At that time, Zavala asked Olivas to prepare a document for Zavala to sign in which Zavala was to declare that she was not buying the property, but that she was renting it. Zavala wanted the document to submit to the social security office so that she could maximize her payments from social security. Olivas prepared the document, and Zavala signed it. At trial, Zavala acknowledged that her lawyer told her it was wrong to do that, and she also testified that she knew it was wrong. Olivas testified that it was at this point that the nature of the agreement changed; the status of the parties became that of landlord and tenant. However, Olivas admitted that she never claimed the rent as income from rental property on her income tax return.

Zavala presented testimony from Soccorro Gomez to the effect that Olivas had said she had sold the house to Zavala. There was also testimony that Zavala paid for repairs to a gas line on the property, added a porch onto the property, and installed a new floor in the house.

In essence, the parties agree that the facts giving rise to this lawsuit began as an agreement for the purchase and sale of real property. They also concur that the

2

agreement was never reduced to writing and that Olivas did not deed the property to Zavala.

Zavala brings one issue to us: "Should the [trial] court have issued a Judgment which would have required the Defendant, Linda Olivas, to deed the property to the Plaintiff, Margarita Zavala?"

Regardless of whether the contract changed from one of sale and purchase to one of landlord/tenant, there is one thing that is undisputed in this case: when reduced to its core, this lawsuit is based upon claims made under an oral agreement for the sale and purchase of real estate.

Section 26.01(a) of the Texas Business and Commerce Code provides that certain promises or agreements are not enforceable unless the promise or agreement, or some memorandum of the promise or agreement, is in writing and signed by the person to be charged with it or by someone lawfully authorized to sign it for her. TEX. BUS. & COM. CODE ANN. § 26.01(a) (West 2009). A contract for the sale of real estate is one such promise or agreement. *Id.* at § 26.01(b)(4).

The agreement that Zavala seeks to enforce in this case involves real estate and is not in writing. Olivas claims that the statute of frauds is a bar to Zavala's claims in this lawsuit. Absent some legal excuse to avoid the effects of the statute of frauds, we agree.

The trial court presented three questions to the jury. In response to the first question, the jury found that Olivas did promise to deliver a deed to the property to Zavala. In response to the second question submitted to it, the jury found that Olivas had not committed a fraud upon Zavala. Zavala has not challenged that finding. The remaining question that the trial court submitted to the jury was a damage issue conditioned upon an affirmative answer to the fraud issue and was not answered. The trial court did not submit any questions to the jury as to the existence of facts that would supply an exception to the statute of frauds.

3

Zavala's brief would reasonably lead one to believe that she is actually complaining of the failure to include certain requested questions in the record on appeal. However, a liberal reading of Zavala's brief would allow us to assume, as does Olivas, that Zavala's position is that the statute of frauds does not bar her lawsuit because she either fully or partially performed the agreement. Zavala also pleaded that promissory estoppel and the existence of a confidential relationship excuse the effects of the statute of frauds. Even under a liberal reading of her brief, Zavala has not presented us with any properly briefed claims of error as to the latter two theories as a bar to the effects of the statute of frauds, and we will not consider them.

Generally, the party claiming an exception to the statute of frauds must secure a finding to that effect or it is waived. *Barbouti v. Munden*, 866 S.W.2d 288, 295 (Tex. App.—Houston [14th Dist.] 1993, writ denied), *overruled on other grounds by Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 46–47 (Tex. 1998). However, if the evidence conclusively establishes an exception to the statute of frauds, the issue is not waived by a party's failure to obtain a finding. *See* TEX. R. CIV. P. 279; *Choi v. McKenzie*, 975 S.W.2d 740, 744 (Tex. App.—Corpus Christi 1998, pet. denied). In this case, we do not know whether Zavala sought a finding as to the existence of any exception to the application of the statute of frauds or not. Further, even if we were to assume that she did, we cannot tell from this record whether those requested issues were proper—to the extent that the trial court erred in refusing them. The reporter's record reflects that the following exchange took place immediately prior to the time that the trial court charged the jury:

> THE COURT: I am going to use the numbers that you submitted to the Court, okay? That is Question 5, Question 4, Question 3, Question 6 and Question 8 that were submitted by

4

[Zavala's Counsel] and refused by the Court, and I will write on those and make them part of the record.

> [ZAVALA'S COUNSEL]: Okay.

> . . . .

> [ZAVALA'S COUNSEL]: Now, I don't think, Your Honor, I have to make objections. You refused certain questions.

> THE COURT: You tendered and I refused.

> [ZAVALA'S COUNSEL]: And you refused them. And other than the fact that these are fact issues, I don't think I am required by the statute that I have to say anything. You have written refused, dated it before the jury ever came in, so I am requesting again that you submit those issues that I presented to you.

> THE COURT: That's fine, and I respectfully will refuse them again.

Zavala does not discuss, either on the record or in her brief, the content, import, relevance, correctness, or propriety of the requested questions. And Question 5, Question 4, Question 3, Question 6, and Question 8 are not in the record on appeal. In her brief, Zavala advises us that the trial court stated that it was going to make "request for certain issues to be made a part of the record." She continues, "The trial court indicated these written requests were part of the record. These cannot be found in the record." In another place in Zavala's brief, she tells us, "One of the problems that exists in this case is that part of the record has not been put into the record for the Court of Appeals. There were certain objections that were made [by Zavala's attorney] and these were referred to . . . when the court said . . . ." Zavala then quotes the portion of the reporter's record that we have quoted above. In her brief, Zavala informs us that she does not know what happened to "these" and that she "believes these issues would have certified the case if they had been

5

submitted." She also argues, "There should have been other issues that were submitted to the jury."

Rule 273 of the Texas Rules of Civil Procedure instructs us on the method for submission of requested written questions, definitions, and instructions to the trial court for inclusion in the court's charge to the jury. TEX. R. CIV. P. 273. If a party requests such written questions, definitions, and instructions and the trial court either refuses to give the written question, definition, or instruction or modifies it and then gives it as modified, then the trial court should endorse its ruling on the proposed submission. TEX. R. CIV. P. 276. If this procedure is followed, then there is no necessity to prepare a bill of exception before the trial court's action can be reviewed. *Id.* However, we can find no evidence of that in this record.

Rule 34.5 of the Texas Rules of Appellate Procedure contains provisions relating to the clerk's record on appeal. TEX. R. APP. P. 34.5. Rule 34.5(c)(1) specifically addresses those situations in which a relevant item has been omitted from the clerk's record. The trial court, the appellate court, or any party may, by letter, direct the clerk to prepare a supplement that contains the omitted item. Rule 34.5(e) applies to those situations in which a filing that was designated for inclusion in the clerk's record has been lost or destroyed. Under that rule, "the parties may, by written stipulation, deliver a copy of that item to the trial court clerk for inclusion in the clerk's record or a supplement." TEX. R. APP. P. 34.5(e). Absent an agreement, "the trial court must—on any party's motion or at the appellate court's request—determine what constitutes an accurate copy of the missing item and order it to be included in the clerk's record or a supplement." *Id.*

Zavala has taken no action in accordance with Rule 34.5. Nevertheless, at the request of this court, the clerk of this court contacted the clerk of the trial court and discovered that neither the trial court clerk nor the court reporter is in

6

possession of the requests to which Zavala refers. Therefore, we know neither the content nor the import of the omitted instructions or questions. Again, Zavala has made no attempt either on the record or in her brief to describe those omitted questions and has made no attempt to use Rule 34.5 to secure the inclusion of the questions or instructions in this record.[1] On the state of this record, we cannot say that Zavala has shown that the trial court erred when it did not order Olivas to give Zavala a deed to the property.

Even if we were to assume that the instructions and questions that the trial court refused were proper jury submissions on full or partial performance, we agree with Olivas that there is insufficient evidence that would require the trial court to submit either theory to the jury.

In situations where one party has fully performed a contract, the statute of frauds may not be used as a defense by one who has knowingly accepted the benefits of the contract, but only partly performed. *Estate of Kaiser v. Gifford*, 692 S.W.2d 525, 526 (Tex. App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.). The uncontroverted evidence in this case showed that, for one reason or the other, Zavala did not pay all the taxes when due and did not insure the property as she and Olivas had agreed. Zavala testified that she could do neither because she did not have a deed to the property. Zavala also testified that she gave money to Olivas for some of the property taxes, but conceded that she had not paid the insurance. Therefore, Zavala did not fully perform the contract. Moreover, the evidence before the jury conclusively established the opposite—she did not pay those costs as agreed.

Under the partial performance exception to the statute of frauds, contracts that do not meet the requirements of the statute of frauds, but have been partially

---

[1] Olivas argues that there has been no compliance with Rule 34.6 of the Texas Rules of Appellate Procedure. TEX. R. APP. P. 34.6. However, that rule pertains to reporter's records and not clerk's records and is not applicable under the facts of this case in which proposed written requests are implicated.

performed, may be enforced in equity if denial of enforcement would amount to a virtual fraud. *Exxon Corp. v. Breezevale, Ltd.*, 82 S.W.3d 429, 439 (Tex. App.—Dallas 2002, pet. denied). When the oral agreement at issue involves the sale of real property, a well-established three-prong test is applied to determine partial performance. The elements necessary to relieve a parol sale of land from the operation of the statute of frauds include: (1) the payment of the consideration; (2) surrender of possession; and (3) the making of valuable and permanent improvements on the land with the owner's consent or, without such improvements, other facts that would make the transaction a fraud on the purchaser if the oral contract were not enforced. *See Hooks v. Bridgewater*, 229 S.W. 1114, 1116 (Tex. 1921); *Birenbaum v. Option Care, Inc.*, 971 S.W.2d 497, 503 (Tex. App.—Dallas 1997, pet. denied); *see also Boyert v. Tauber*, 834 S.W.2d 60, 63 (Tex. 1992).

Payment of consideration alone will not excuse the effects of the statute of frauds. *Hooks*, 229 S.W. at 1117. Neither will possession alone. *Id.* The same is true when both possession and payment of consideration exist. *Id.* A party claiming to avoid the effects of the statute of frauds must also show that she has made "valuable and permanent improvements on the faith of the purchase with the owner's knowledge or consent." *Id.* The situation must be such that a fraud upon the purchaser would result if the statute of frauds were applied. *Id.*

We find there is some evidence to show that the improvements that Zavala says she made were permanent, but there is insufficient evidence to show the value of the improvements of items like the porch and floor. There is also insufficient evidence that the improvements were made with Olivas's consent and knowledge.

Rule 38.1(i) of the Texas Rules of Appellate Procedure includes a directive that an appellant's brief must "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record."

8

TEX. R. APP. P. 38.1(i). Under TEX. R. APP. P. 38.9, we are to construe briefing rules liberally. We have done that and note that Zavala's cases and contentions apply to considerations of remand, versus rendition, after error is found. Because we do not find error, we need not discuss the proper course of action in those cases in which an appellate court does find error. We hold that Zavala has not presented us with a complete record that shows that the trial court erred when it refused to submit her requested questions, definitions, or instructions. We have inquired of the district clerk, and the documents to which Zavala refers are not on file with either the district clerk or the court reporter. Further, even if the questions that Zavala submitted were appropriate in form and content as pertaining to full or partial performance as an exception to the statute of frauds, Zavala has not presented us with a record that shows sufficient support for the submission of those questions, definitions, or instructions.

For the reasons that we have stated, the trial court did not err when it refused to order Olivas to deliver a deed to the property to Zavala. Zavala's sole issue on appeal is overruled.

We affirm the judgment of the trial court.


JIM R. WRIGHT
CHIEF JUSTICE


May 30, 2013

Panel consists of: Wright, C.J.,
McCall, J., and Willson, J.

9