# IN THE SUPREME COURT OF TEXAS

═══════════

No. 11-0541

═══════════

DYNEGY, INC., PETITIONER,

v.

TERRY W. YATES, INDIVIDUALLY, AND TERRY W. YATES, P.C., RESPONDENTS

═══════════════════════════════════════════════════

ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE FOURTH DISTRICT OF TEXAS

═══════════════════════════════════════════════════

JUSTICE GREEN delivered the opinion of the Court, in which CHIEF JUSTICE JEFFERSON, JUSTICE HECHT, JUSTICE JOHNSON, JUSTICE WILLETT, JUSTICE LEHRMANN, and JUSTICE BOYD joined.

JUSTICE DEVINE filed a dissenting opinion.

JUSTICE GUZMAN did not participate in the decision.

The statute of frauds' suretyship provision provides that an oral promise "by one person to answer for the debt, default, or miscarriage of another person" is generally unenforceable. *See* TEX. BUS. & COM. CODE § 26.01(a), (b)(2). Dynegy, Inc. contends that this provision bars the current suit because both the fraudulent inducement and breach of contract claims against it are based on an oral promise to an attorney to pay the attorney's fees incurred by one of Dynegy's former officers. We agree. Accordingly, we reverse the court of appeals' judgment and render a take-nothing judgment in favor of Dynegy.

# I. Background

A grand jury indicted James Olis, a former officer of Dynegy, on multiple counts of securities fraud, mail and wire fraud, and conspiracy arising out of work he performed while at Dynegy. Dynegy's board of directors passed a resolution authorizing the advancement of attorney's fees for Olis's defense provided that Olis acted in good faith, in Dynegy's best interests, and in compliance with applicable law. The resolution provided that it "may be modified or revoked by this Board at any time as a result of changes in circumstances or further analysis."

Olis hired Terry Yates, a criminal defense attorney, to defend him in the federal criminal investigation and an ongoing civil investigation conducted by the Securities and Exchange Commission. Olis told Yates and Mark Clark, Yates's associate, that Dynegy would be paying his legal fees. Clark called Cristin Cracraft, an attorney in Dynegy's legal department, who orally confirmed that Dynegy would pay Olis's legal fees. Clark testified that Cracraft stated, "The Board has passed a resolution, so, yes, we are paying Jamie Olis's fees," and instructed Clark that the bills should be submitted to her. Cracraft's trial testimony was similar to Clark's version of the conversation. Olis signed a written fee agreement with Yates under which Olis agreed that he was responsible for payment of his legal fees. The contract stated that "all fees are due when billed unless other specific arrangements have been made." Yates testified that, despite the written fee agreement, he had an oral agreement with Olis under which Yates would never look to Olis for payment of fees, but instead would look to Dynegy for payment. Yates testified that he spoke to Cracraft after faxing his fee agreement and hourly rate to Dynegy and that Cracraft told him Dynegy

2

would pay Olis's legal fees through trial. Cracraft contradicted Yates's testimony about the phone call, however, stating that she had spoken only to Clark and never to Yates as of the date of the trial.

Dynegy then hand-delivered a letter notifying Yates that it would pay him directly for Olis's legal fees through August 17, 2003, but the remaining fees incurred were to be paid into escrow pursuant to a board resolution. Dynegy paid Yates's initial invoice for $15,000. Yates submitted his $105,176 July bill in August, but Dynegy did not pay it until after trial in November. Olis was ultimately convicted of securities fraud, mail and wire fraud, and conspiracy. *United States v. Olis*, 429 F.3d 540, 549 (5th Cir. 2005) (affirming the conviction but remanding to the trial court to reconsider the proper sentencing guidelines). Yates submitted a third and final invoice for $448,556, representing all work performed from August 2003 through April 2004, including the November 2003 trial. Dynegy initially escrowed that amount pursuant to the board resolution, but later refused to release the escrowed funds after concluding that Olis did not meet the "good faith" standard for indemnification as required by the board's resolution.

Yates filed suit against Dynegy to recover the unpaid attorney's fees, alleging that Dynegy orally promised that it would pay Yates's fees *through* Olis's trial. Yates asserted claims for breach of contract and fraudulent inducement and sought benefit-of-the-bargain damages for both claims. After a three-week trial, the jury found for Yates on both claims. Yates ultimately elected to recover under his fraudulent inducement claim, and the trial court rendered judgment on that claim in favor of Yates. Dynegy filed a motion for judgment notwithstanding the verdict on its affirmative defense of statute of frauds, which the trial court denied. Dynegy appealed.

The court of appeals initially reversed and rendered judgment for Dynegy based on its affirmative defense of statute of frauds. No. 04-10-00041-CV, 2010 Tex. App. LEXIS 3556, at *1 (Tex. App.—San Antonio May 12, 2010). Thereafter, the court of appeals denied Yates's motion for rehearing while also issuing a revised opinion. No. 04-10-00041-CV, 2010 Tex. App. LEXIS 6915, at *1 (Tex. App.—San Antonio Aug. 25, 2010). Then the same panel, on its own motion, reconsidered and granted Yates's motion for rehearing. 345 S.W.3d 516, 519 (Tex. App.—San Antonio 2011). In its third opinion, the court of appeals reversed itself based on the main purpose doctrine, holding that Dynegy intended to bind itself to a primary obligation rather than a promise to pay the debt of another, and the statute of frauds was therefore inapplicable. *Id.* at 520, 523–25. The court of appeals also reversed the trial court's judgment based on the jury's fraud finding, holding that the evidence was legally insufficient. *Id.* at 534. The court of appeals then rendered judgment for Yates on his breach of contract claim. *Id.* at 536. Dynegy petitions this Court for review, arguing that the court of appeals erred by considering an element of the main purpose doctrine, which is an exception to the statute of frauds, as a part of Dynegy's initial burden on its statute of frauds affirmative defense. We agree.

## II. Analysis

The statute of frauds generally renders a contract that falls within its purview unenforceable. TEX. BUS. & COM. CODE § 26.01(a). The party pleading the statute of frauds bears the initial burden of establishing its applicability. TEX. R. CIV. P. 94; *cf. Woods v. William M. Mercer, Inc.*, 769 S.W.2d 515, 517 (Tex. 1988) (holding that the party pleading statute of limitations has the initial burden of proof). Once that party meets its initial burden, the burden shifts to the opposing party to

establish an exception that would take the verbal contract out of the statute of frauds. *See Cobb v. Johnson*, 108 S.W. 811, 812 (Tex. 1908). One recognized exception to the statute of frauds' suretyship provision is the main purpose doctrine. *See Cruz v. Andrews Restoration, Inc.*, 364 S.W.3d 817, 827–28 (Tex. 2012). The party seeking to avoid the statute of frauds must plead, prove, and secure findings as to an exception or risk waiver under Rule 279 of the Texas Rules of Civil Procedure. *See, e.g.*, *Crown Ranch Dev., Ltd. v. Cromwell*, No. 09-10-00458-CV, 2012 Tex. App. LEXIS 1345, at *14–15 (Tex. App.—Beaumont Feb. 23, 2012, pet. denied) (mem. op.) ("A party who contends that an agreement falls within an exception to the statute of frauds must request and obtain a jury finding on the exception."); *W.H. McCrory & Co. v. Contractors Equip. & Supply Co.*, 691 S.W.2d 717, 720–21 (Tex. App.—Austin 1985, writ ref'd n.r.e.) (placing the burden on the plaintiff to plead and prove an exception to the statute of frauds); *cf. Woods*, 769 S.W.2d at 517–18 (holding that the discovery rule, as a defense to the statute of limitations, is a plea in confession and avoidance that is waived if not pled).

## A. Dynegy Met its Initial Burden to Establish Applicability of the Statute of Frauds

Here, Dynegy pled the statute of frauds as an affirmative defense and thus had the initial burden to establish that the alleged promise fell within the statute of frauds. *See* TEX. BUS. & COM. CODE § 26.01(a), (b)(2); TEX. R. CIV. P. 94. Whether a contract comes within the statute of frauds is a question of law, which we review de novo. *See Bratcher v. Dozier*, 346 S.W.2d 795, 796 (Tex. 1961). The statute of frauds' suretyship provision applies to "a promise by one person to answer for the debt, default, or miscarriage of another person." TEX. BUS. & COM. CODE § 26.01(b)(2). Yates argues that the suretyship provision does not apply to the oral agreement in this case because there

is not a preexisting debt. On the contrary, the suretyship provision applies regardless of "whether [the debt was] already incurred or to be incurred in the future." *See* RESTATEMENT (SECOND) OF CONTRACTS § 112 cmt. b (1981).

The record indicates that Olis hired Yates to represent him in the criminal proceedings. Olis signed a fee agreement with Yates, in which Dynegy was not mentioned. Yates agreed to defend Olis, and Olis agreed in exchange that fees were due when billed unless other arrangements were made. Both Clark and Yates testified that Cracraft orally promised that Dynegy would be paying Olis's fees through trial, and it is undisputed that this agreement was never reduced to writing. These facts establish one conclusion: Dynegy orally promised to pay attorney's fees associated with Olis's defense that, under the fee agreement, were Olis's obligation (i.e., Olis's debt). The dissent, like the court of appeals, believes that Dynegy's promise to pay Olis's legal fees was a primary obligation and not a promise to pay another's debts, and therefore the statute of frauds does not bar Yates's recovery on his breach of contract claim. But, as we have explained, a plaintiff relying on a primary obligor theory under the main purpose doctrine must plead and establish facts to take a verbal contract out of the statute of frauds. *See Cruz*, 364 S.W.3d at 828; *Gulf Liquid Fertilizer Co. v. Titus*, 354 S.W.2d 378, 382–83 (Tex. 1962); *Cobb*, 108 S.W. at 812. We hold that Dynegy established as a matter of law that the statute of frauds' suretyship provision initially applied to bar the claims against it. *See* TEX. BUS. & COM. CODE § 26.01(b)(2) (providing that "a promise by one person to answer for the debt . . . of another person" falls within the statute of frauds). The court of appeals erred when it held otherwise.

6

## B. The Burden Shifted to Yates

At this point, the burden shifted to Yates to establish an exception that would take the verbal contract out of the statute of frauds—namely, the main purpose doctrine. *See Cobb*, 108 S.W. at 812. The main purpose doctrine required Yates to prove: (1) Dynegy intended to create primary responsibility in itself to pay the debt; (2) there was consideration for the promise; and (3) the consideration given for the promise was primarily for Dynegy's own use and benefit—that is, the benefit it received was Dynegy's main purpose for making the promise. *See Cruz*, 364 S.W.3d at 828. We have noted that the question of intent to be primarily responsible for the debt is a question for the finder of fact, taking into account all the facts and circumstances of the case. *See Haas Drilling Co. v. First Nat'l Bank*, 456 S.W.2d 886, 889 (Tex. 1970) (citing *Gulf Liquid Fertilizer Co.*, 354 S.W.2d at 384). Thus, the burden was on Yates to secure favorable findings on the main purpose doctrine.[1] Yates's failure to do so constituted a waiver of the issue under Rule 279 of the Texas Rules of Civil Procedure. *See* TEX. R. CIV. P. 279; *W.H. McCrory & Co.*, 691 S.W.2d at 720–21; *cf. Woods*, 769 S.W.2d at 518 (holding the discovery rule waived when a party neither pled nor obtained findings on the issue in response to the opposing party's limitations defense). Therefore, the court of appeals erred by considering the intent element of the main purpose doctrine

---

[1] Dynegy even pointed out to the trial court and Yates the omission of any jury questions related to an exception to the statute of frauds in its written charge objections.

in conjunction with determining whether Dynegy met its initial burden to show applicability of the statute of frauds.[2]

## III. Conclusion

Based on the preceding analysis, we hold that the statute of frauds renders the oral agreement between Dynegy and Yates unenforceable. Consequently, Yates cannot recover under his breach of contract claim. In addition, Yates's claim for benefit-of-the-bargain damages pursuant to his alternative fraudulent inducement action is barred. *See Haase v. Glazner*, 62 S.W.3d 795, 799 (Tex. 2001) ("[T]he Statute of Frauds bars a fraud claim to the extent the plaintiff seeks to recover as damages the benefit of a bargain that cannot otherwise be enforced because it fails to comply with the Statute of Frauds."). Accordingly, we grant Dynegy's petition for review and, without hearing oral argument, TEX. R. APP. P. 59.1, we reverse the court of appeals' judgment and render judgment that Yates take nothing on his claims.

_____
Paul W. Green
Justice

OPINION DELIVERED: August 30, 2013

---

[2] The dissent also argues that the main purpose doctrine takes Dynegy's promise out of the statute of frauds based on Dynegy's self-serving reasons for promising to pay Olis's legal fees. But, as with the intent element, Yates failed to plead and prove the consideration elements of the main purpose exception.