Opinion filed April 30, 2021



**In The**

# Eleventh Court of Appeals

_____

## No. 11-19-00182-CV
_____

## JAMES RUTH, Appellant

## V.

## COLLAZO HOLDINGS, LLC, Appellee

**On Appeal from the 35th District Court**
**Brown County, Texas**
**Trial Court Cause No. CV1704125**

### M E M O R A N D U M   O P I N I O N

This appeal arises from a contract dispute in which Appellant, James Ruth,[1] claims to have held title to property purchased by Collazo Holdings, LLC in a Brown County Appraisal District ad valorem tax sale, thereby giving Appellant a right of redemption. Appellant also claims that, based on correspondence between Appellant

---

[1]We note that, based upon an answer to a request for disclosure, it appears that James Ruth is deceased. Typically, a Suggestion of Death should have been filed to allow his estate's representative to continue suit. *See* TEX. R. CIV. P. 151. This was not done; however, no complaint was filed regarding this matter.

and Collazo via e-mail and regular mail, a contract was formed whereby Appellant could reclaim the property for $8,413.

In Appellant's sole issue on appeal, he asserts that the trial court erred in granting Collazo's no-evidence motion for summary judgment. We affirm the judgment.

*Background Facts*

The property at issue was purchased by MRC Assisted Living, Inc. by deed dated February 27, 1996, and was duly recorded in the Real Property Records of Brown County. Importantly, MRC subsequently subdivided the property into Block One and Block Two, which became known as the Greenbriar Addition to the City of Brownwood. The plat of the Addition was filed of record on or about April 22, 1996, in the Plat Records and the Real Property Records of Brown County.

In January of 2016, the Brown County Appraisal District brought a tax foreclosure lawsuit against MRC and a lienholder for past due taxes. The tax foreclosure sale did not address all of the Greenbriar Addition. Rather, it only related to those certain lots in Block 2 described as:

> Lots 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, and drainage easement, Block 2, Greenbriar Addition, to the City of Brownwood, Brown County, Texas (Volume 4, Page 211, Plat Records, Brown County, Texas) Tax Account Nos. 73478[,] 73479, 73480, 73481, 73482, 73483, 73484, 73485, 73486, 73487, 73488, 73489, 73490, 73491, 73492, 21397.

The Appraisal District obtained a final judgment foreclosing its tax lien and authorizing the property to be sold. The property sold at a tax foreclosure sale on April 5, 2016, to Collazo. There were no transfers of record relating to any of these lots prior to the tax foreclosure sale, and at the time of the tax foreclosure lawsuit, the record owner of Block 2 was MRC.

2

Appellant's claims arise out of a deed purportedly executed by MRC on January 7, 2010, selling the property in question to Appellant. The deed, however, does not reference or include the property sold at the tax foreclosure sale. Appellant's deed relates to the property in Block One of the Greenbriar Addition, while the property sold at the tax foreclosure sale relates to Block Two.

Appellant filed this lawsuit asking the trial court to declare that he had a right to redeem the property, that notice was not properly given prior to the tax foreclosure sale, and that Collazo breached a constructive contract. Collazo filed a combined traditional and no-evidence motion for summary judgment, which was granted after a hearing. Collazo asserted that Appellant was not the owner of the property in question, that Appellant had not paid the past taxes and other sums as a requisite for bringing suit, and that there was no contract that complied with the statute of frauds.

*Issue*

Appellant's brief on appeal ignores important facts and legal issues. Appellant disregards the traditional portion of Collazo's motion for summary judgment in which it asserted that Appellant owned no interest in Block Two of the Greenbriar Addition and, even if he had, that Appellant did not fulfill the requirements to complete redemption. Appellant seems to assert that correspondence between Appellant and Collazo constitutes a valid, written contract. However, Appellant does not address the fact that, if Collazo's October 7, 2016 correspondence includes a valid offer for purchase of Block Two, Appellant himself rejected said offer by sending a cashier's check in a lesser amount with justifications for the difference in price. *See Beaumont v. Prieto*, 249 U.S. 554, 556 (1919). Furthermore, Appellant did not provide proper proof of ownership of Block Two, as required in the alleged offer. Therefore, the terms of Collazo's offer, which Appellant claims to have accepted, were not fully complied with and did not create

3

a binding contract. Appellant brings a sole issue on appeal irrespective of these points.

Appellant claims in his concise brief that, even if the requisites of redemption were not met, a contract had been formed between Appellant and Collazo by a series of written exchanges that would allow Appellant to reclaim the property for $8,413. In his sole issue, Appellant alleges that the trial court erred in granting Collazo's motion for summary judgment on Appellant's breach of contract claims. Specifically, Appellant claims that the trial court erred in granting a no-evidence summary judgment on the affirmative defense of the statute of frauds. Appellant asserts that, because the statute of frauds is an affirmative defense on which Collazo bore the initial burden of proof, the granting of a no-evidence summary judgment as to Appellant's contract claim was improper. We disagree.

*Standard of Review*

We review a trial court's entry of summary judgment de novo. *First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214, 219 (Tex. 2017). When the trial court's order fails to specify the grounds for its summary judgment, we will affirm if any of the theories are meritorious. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 216 (Tex. 2003). When, as here, a party has sought summary judgment on both no evidence and traditional grounds, we review the propriety of the summary judgment under the no-evidence standard first. *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013).

We typically review a no-evidence motion for summary judgment under the same legal sufficiency standards as a directed verdict. *Id*. Under this standard, the nonmovant has the burden to produce more than a scintilla of evidence to support each challenged element of its claims. *Id*. Evidence is less than a scintilla if it is "so weak as to do no more than create a mere surmise or suspicion" of a fact. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003) (quoting *Kindred v.*

4

*Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex. 1983)). In reviewing a no-evidence summary judgment, we consider the evidence in the light most favorable to the nonmovant, indulging every reasonable inference in favor of the nonmovant and resolving any doubts against the movant. *Merriman*, 407 S.W.3d at 248; *City of Keller v. Wilson*, 168 S.W.3d 802, 824 (Tex. 2005).

After adequate time for discovery, a party may move for summary judgment on the ground that there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial. TEX. R. CIV. P. 166a(i). Thus, only a party without the burden of proof may move for no-evidence summary judgment. *See id.*; *Burges v. Mosley*, 304 S.W.3d 623, 628 (Tex. App.—Tyler 2010, no pet.); *Reyes v. Saenz*, 269 S.W.3d 675, 676–77 (Tex. App.—San Antonio 2008, no pet.).

A party moving for traditional summary judgment bears the burden of proving that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Nassar v. Liberty Mut. Fire Ins. Co.*, 508 S.W.3d 254, 257 (Tex. 2017). To be entitled to traditional summary judgment, a defendant must conclusively negate at least one essential element of the cause of action being asserted or conclusively establish each element of an affirmative defense. *Sci. Spectrum Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex. 1997). Evidence is conclusive only if reasonable people could not differ in their conclusions. *City of Keller*, 168 S.W.3d at 816. If the movant initially establishes a right to summary judgment on the issues expressly presented in the motion, then the burden shifts to the nonmovant to present to the trial court any issues or evidence that would preclude summary judgment. *See City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678–79 (Tex. 1979).

5

*Analysis*

Appellant asserts on appeal that, because the statute of frauds is an affirmative defense that Collazo had the burden to prove and plead, Collazo should not have been allowed to move for a no-evidence summary judgment. The law is well established that "a party may never properly move for no-evidence summary judgment to prevail on its own claim or an affirmative defense for which it bears the burden of proof." *Bridgestone Lakes Cmty. Improvement Ass'n v. Bridgestone Lakes Dev. Co.*, 489 S.W.3d 118, 127 (Tex. App.—Houston [14th Dist.] 2016, pet. denied) (citing *Nowak v. DAS Inv. Corp.*, 110 S.W.3d 677, 679 (Tex. App.—Houston [14th Dist.] 2003, no pet.)).

Collazo presented the issue of the statute of frauds' applicability in the no-evidence portion of the motion for summary judgment. Because a party may not obtain a no-evidence summary judgment on an issue for which it bears the burden of proof, we construe this part of Collazo's motion as a motion for traditional summary judgment. *Cox v. Air Liquide America, LP*, 498 S.W.3d 686, 689 (Tex. App.—Houston [14th Dist.] 2016, no pet.); *see Bridgestone Lakes Cmty. Improvement Ass'n*, 489 S.W.3d at 127 (citing *Nowak*, 110 S.W.3d at 679).

"A [contract for the sale of real estate] is not enforceable unless the promise or agreement, or a memorandum of it, is (1) in writing; and (2) signed by the person to be charged with the promise or agreement or by someone lawfully authorized to sign for him." TEX. BUS. & COM. CODE ANN. § 26.01(a), (b)(4) (West 2015). The statute of frauds is an affirmative defense to a breach of contract claim. TEX R. CIV. P. 94. "The party pleading the statute of frauds bears the initial burden of establishing its applicability." *Dynegy, Inc. v. Yates*, 422 S.W.3d 638, 641 (Tex. 2013). However, "[o]nce that party meets its initial burden, the burden shifts to the opposing party to establish an exception that would take the verbal contract out of the statute of frauds." *Id.* Collazo had the burden of establishing that the statute of

6

frauds applied to this alleged contract. *See id.* If Collazo made this initial showing, then the burden shifted to Appellant to establish an exception that would take the contract out of the statute of frauds. *See id.*

"Whether a contract comes within the statute of frauds is a question of law, which we review de novo." *Nat'l Prop. Holdings, L.P. v. Westergren*, 453 S.W.3d 419, 426 (Tex. 2015). It has long been understood that, to satisfy the statute of frauds, "there must be a written memorandum which is complete within itself in every material detail, and which contains all of the essential elements of the agreement, so that the contract can be ascertained from the writings without resorting to oral testimony." *Copano Energy, LLC v. Bujnoch*, 593 S.W.3d 721, 727 (Tex. 2020) (quoting *Cohen v. McCutchin*, 565 S.W.2d 230, 232 (Tex. 1978)). The required written memorandum need not always be a single document, however. *Id.* at 727. "[A] court may determine, as a matter of law, that multiple documents comprise a written contract." *City of Houston v. Williams*, 353 S.W.3d 128, 137 (Tex. 2011) (quoting *Fort Worth Indep. Sch. Dist. v. City of Fort Worth*, 22 S.W.3d 831, 840 (Tex. 2000)). When considering multiple writings proffered as a single contract, it remains the rule that the "essential elements of the agreement" must be evident "from the writings" themselves, "without resorting to oral testimony." *Copano Energy*, 593 S.W.3d at 727 (citing *Cohen*, 565 S.W.2d at 232). Therefore, it must first be determined whether a valid and enforceable contract was formed between Appellant and Collazo.

Because the statute of frauds requires a signed writing, the personal knowledge and intent of the parties not included in the writings has no effect on the validity of the contract. *Reiland v. Patrick Thomas Props., Inc.*, 213 S.W.3d 431, 437 (Tex. App.—Houston [1st Dist.] 2006, pet. denied) ("Even when 'the record leaves little doubt that the parties knew and understood what property was intended to be conveyed, . . . the knowledge and intent of the parties will not give validity to

the contract and neither will a plat made from extrinsic evidence.'" (quoting *Morrow v. Shotwell*, 477 S.W.2d 538, 540 (Tex. 1972))).

Appellant did not meet his burden regarding the statute of frauds once that burden shifted to him. Collazo had the burden of proving that the statute of frauds applied to this alleged contract. *See Dynegy, Inc.*, 422 S.W.3d at 641. In fact, the documents that Appellant attached as exhibits to his summary judgment response proved that the alleged contract was for the transfer or sale of real property. "Rule 166a(c) plainly provides for the court to consider evidence in the record that is attached either to the motion or a response." *Schlumberger Tech. Corp. v. Pasko*, 544 S.W.3d 830, 835 (Tex. 2018) (citing *Wilson v. Burford*, 904 S.W.2d 628, 629 (Tex. 1995)). The pleadings of a nonmovant may constitute summary judgment evidence "when they contain statements rising to the level of judicially admitting a fact or conclusion which is directly adverse to that party's theory [of] defense [or] recovery." *Khan v. GBAK Props., Inc.*, 371 S.W.3d 347, 356–57 (Tex. App.—Houston [1st Dist.] 2012, no pet.); *accord Judwin Props., Inc. v. Griggs & Harrison, P.C.*, 911 S.W.2d 498, 504 (Tex. App.—Houston [1st Dist.] 1995, no writ.); *David Gavin Co. v. Gibson*, 780 S.W.2d 833, 835 (Tex. App.—Houston [14th Dist.] 1989, writ denied).

As a matter of law, Appellant's initial burden was met, and the burden shifted to Collazo. Once the party pleading the statute of frauds meets the initial burden of establishing its applicability, the burden shifts to the nonmovant to establish that the statute was satisfied or that an exception exists that would take a verbal contract for real property out of the statute of frauds. *See Dynegy, Inc.*, 422 S.W.3d at 641. At the hearing on the motion for summary judgment, Appellant only stated that "the Court is aware of exceptions to the statute of frauds." Appellant did not contend that this was a contract other than for real property, made no showing of a written

contract signed by the parties, and failed to show any evidence of a recognized exception to the statute of frauds.

Appellant had the burden to prove that a valid and enforceable contract existed. *See Copano Energy*, 593 S.W.3d at 727 (citing *Cohen*, 565 S.W.2d at 232). The essential elements of the alleged contractual agreement were not present. The elements of an enforceable contract are (1) an offer, (2) an acceptance in strict compliance with the terms of the offer, (3) a meeting of the minds, (4) a communication that each party consented to the terms of the contract, and (5) execution and delivery of the contract with an intent that it become mutual and binding on both parties. *Goldman v. Olmstead*, 414 S.W.3d 346, 354 (Tex. App.—Dallas 2013, pet. denied); *Komet v. Graves*, 40 S.W.3d 596, 600 (Tex. App.—San Antonio 2001, no pet.). Whether a particular agreement is a legally enforceable contract is a question of law reviewed de novo. *Crisp Analytical Lab, L.L.C. v. Jakalam Props., Inc.*, 422 S.W.3d 85, 89 (Tex. App.—Dallas 2014, pet. denied); *Bandera Cty. v. Hollingsworth*, 419 S.W.3d 639, 645 (Tex. App.—San Antonio 2013, no pet.); *Parker Drilling Co. v. Romfor Supply Co.*, 316 S.W.3d 68, 72 (Tex. App.—Houston [14th Dist.] 2010, pet. denied).

Collazo moved for summary judgment on the basis that there was no evidence of any element of an enforceable contract in Appellant's claim. Based on the record before us, we will focus on the "meeting of the minds" element, as it is clear that the parties were discussing two different tracts of land in their communications.

The determination of whether there was a meeting of the minds, and thus an offer and acceptance, is based on objective standards of what the parties said and did and not on their alleged subjective states of mind. *Argonaut Ins. Co. v. Allstate Ins. Co.*, 869 S.W.2d 537, 540 (Tex. App.—Corpus Christi–Edinburg 1993, writ denied); *Adams v. Petrade Int'l, Inc.*, 754 S.W.2d 696, 717 (Tex. App.—Houston [1st Dist.] 1988, writ denied). In determining whether mutual assent is present, the court looks

to the communications between the parties and to the acts and circumstances surrounding these communications. *Wiley v. Bertelsen*, 770 S.W.2d 878, 882 (Tex. App.—Texarkana 1989, no writ). The terms must be expressed with sufficient certainty so that there will be no doubt as to what the parties intended. *Id.*

Appellant asserted at the hearing that an offer was "clearly made" by Collazo for Appellant to purchase the property back for $8,413. Appellant claims that the offer also stated that, if not accepted and paid by October 15, an additional $200 would also need to be paid. Appellant stated that, "[d]uring the time period, [Appellant] responded back with a written acceptance." However, at the hearing, Appellant's trial counsel admitted that "I finally started realizing [Collazo is] not looking to sell the property back to us. He wants to keep the property. It's apparent. And we're just going through motions."

Collazo asserts that the only evidence presented by Appellant of an alleged contract was correspondence between Appellant's trial counsel and Collazo. There was no evidence presented of correspondence between Collazo and Appellant. Additionally, the evidence of an alleged contract presented by Appellant "falls far short of showing a meeting of the minds," according to Collazo. We agree.

The record shows that MRC purchased a tract of land in Brown County in 1996. MRC subdivided the parcel into Block One and Block Two, separated by Magnolia Street, which came to be known as the Greenbriar Addition in Brownwood. James Ruth acquired Block One of the Greenbriar Addition from MRC in 2010 by Special Warranty Deed. This deed, however, was not recorded until *after* the tax foreclosure sale. In 2016, the Appraisal District received a judgment against MRC, record owner of Block Two at the time, based on failure to pay ad valorem taxes. This judgment pertained only to Block Two of the Greenbriar Addition. Shortly after the judgment against MRC was issued, Block Two was sold to Collazo, and Collazo received a Constable's Deed.

It was not until September of 2016 that Appellant's trial counsel contacted Collazo to inform Collazo that the land that it had just purchased was actually owned by Appellant and that Appellant wished to exercise his right of redemption to reclaim the property. Collazo responded by letter dated October 7, 2016, requesting Appellant's proof of ownership of the tract Collazo purchased in the tax foreclosure sale so that Collazo could confirm Appellant's right of redemption. This letter also stated that, "[s]ubject to [Collazo's] confirmation of your right of redemption, please be advised that the current amount necessary to redeem the property is $8,413.00." Appellant and Collazo continued their correspondence over the next few weeks. Appellant sent Collazo a copy of the 2010 Special Warranty Deed, as well as a check for $6,487.50, which was returned to Appellant because it, according to Collazo, was the incorrect amount due on the redemption. However, the 2010 deed that Appellant produced made no mention of Block Two—the property sold at the tax foreclosure sale.

In addition to the 2010 Special Warranty Deed, Appellant also forwarded Collazo a letter addressed to the appraisal district, written by MRC's president, Gene Bertcher. In this letter, Bertcher claimed to have conveyed any and all rights to his property in Brown County to Appellant at the time of the 2010 transfer of title. However, this letter itself is not a conveyance and cannot operate to retroactively grant any ownership in Block Two to Appellant. We must look to the four corners of the original 2010 deed to determine the interest obtained by Appellant. *See Piranha Partners v. Neuhoff*, 596 S.W.3d 740, 743 (Tex. 2020). In doing so, it is evident that the only interest Appellant obtained in writing by the Special Warranty Deed of 2010 was title to Block One of the Greenbriar Addition, not Block Two.

Appellant's claim of a right of redemption necessarily implies a claim of valid ownership. Therefore, Appellant's contention that Collazo's letter of October 7, 2016, constituted an offer cannot be true given that Appellant actually owned no

11

interest in Block Two at the time of his letter to Collazo. There was no objectively apparent "meeting of the minds" reflected in the documents when it came to this alleged contract. Whether a contract exists is a matter of law to be determined by the court, and we hold that the summary judgment evidence shows that no enforceable contract was created between Appellant and Collazo. It is evident that the parties were not talking about the same tract of land when corresponding.

Collazo was only required to negate one essential element of the cause of action being asserted by Appellant. *See Sci. Spectrum Inc.*, 941 S.W.2d at 911. We conclude that there was no contract formed based on a lack of mutual assent, and Appellant did not provide any evidence to the contrary. As a collateral matter, even if oral terms of agreement could have been established, Appellant did not carry his burden of showing that the statute of frauds had been satisfied or was not applicable. Therefore, the trial court properly granted summary judgment in favor of Collazo.

*This Court's Ruling*

We affirm the judgment of the trial court.


W. BRUCE WILLIAMS
JUSTICE


April 30, 2021

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

12